UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALAN ROGER HARRIS,

        Petitioner,　　　　　　　　　　　FILE NO. 2:06-CV-214

v.　　　　　　　　　　　　　　　　　　　　HON. ROBERT HOLMES BELL

JERI-ANN SHERRY,

        Respondent.
_____/

## OPINION ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court dismiss the petition for lack of exhaustion (docket #3). The matter presently is before the Court on Petitioner's objections to the R&R (docket #4). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

**II.**

This habeas petition challenges the validity of Petitioner's state-court jury convictions for child sexually abusive activity, in violation of MICH. COMP. LAWS § 750.145c(2). Petitioner was convicted on April 11, 2002, and he was sentenced to a term of imprisonment of 1½ to 20 years. Petitioner appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court. The supreme court denied leave to appeal on August 30, 2006.

The Magistrate Judge determined that three of the ten grounds for relief raised in the petition (Grounds II, VIII and X) had not been exhausted in the state court. The Magistrate Judge recommended that the petition be dismissed as a mixed petition raising both exhausted and unexhausted claims and presenting no unusual or exceptional circumstances. In the alternative, the Magistrate Judge recommended that Petitioner be permitted to dismiss his unexhausted claims and proceed only on his exhausted claims.

Petitioner objects to the Magistrate Judge's recommendation. He declares his reluctant willingness to abandon two of his unexhausted grounds for relief, Grounds VIII and X. He argues, however, that this Court should excuse the exhaustion requirement on Ground II and

2

consider that claim on the merits, notwithstanding his failure to present the claim in the state courts.

### III.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

3

Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner has presented some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. Since the AEDPA was amended to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on August 30, 2005. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, November 28, 2005. Accordingly, Petitioner had one year, until November 28, 2006, in which to file his habeas petition. Petitioner filed the instant petition on or about August 3, 2006,[1] nearly four months before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on August 3, 2006, and it was received by the Court on August 10, 2006. Thus, it must have been handed to prison officials for mailing at some time between August 3 and 10. For purposes of this case, the Court has given Petitioner the benefit of the earliest possible filing date.

5

that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2] As of the date of this opinion, Petitioner has no days remaining in his limitations period. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer* 276 F.3d at 781.

The Supreme Court recently held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* is available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 125 S. Ct. 1528, 1534-35 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 1535. Under *Rhines*, if the district court determines that a stay is inappropriate, the district court must allow the petitioner to delete the unexhausted claims from his petition, especially in circumstances in which

---

[2]The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

6

dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

The Court finds that issuance of a stay is appropriate in the instant case. First, because the limitations period has expired due to a delay in this Court's consideration of Petitioner's objections, denial of a stay unquestionably would impair Petitioner's right to obtain federal relief. Second, in his objections, Petitioner adequately has alleged and supported by affidavits that ineffectiveness of appellate counsel impaired his right to bring the unexhausted issue on appeal. Petitioner also has set forth his own attempts to raise the unexhausted claims in a *pro per* brief on appeal. He therefore has demonstrated good cause for his failure to exhaust. Finally, Petitioner clearly has not engaged in dilatory litigation tactics, since he filed his habeas petition nearly four months before expiration of his limitations period.[3] Petitioner therefore has met the requirements of *Rhines*, 125 S. Ct. at 1534-35, and is entitled to a stay under the procedures adopted in *Palmer*, 276 F.3d at 781.

## IV.

For the foregoing reasons, the Court will deny Petitioner's objections and will adopt in part and reject in part the recommendation of the Magistrate Judge. The Court will

---

[3]In fact, Petitioner's objections make clear that he is under the misimpression that his statute of limitations expired August 30, 2006, one year after the Michigan Supreme Court denied leave to appeal, rather than on November 30, 2006, one year after the time for filing a petition for writ of certiorari expired. Petitioner's misunderstanding of the statute of limitations undoubtedly has affected both his decision not to file in the state court and the position he has taken in his objections.

7

dismiss Petitioner's unexhausted claims and permit Petitioner to pursue his state-court remedies on those claims. The Court will stay Petitioner's remaining exhausted claims and hold them in abeyance pending completion of state-court review. The terms of the stay are set forth in the accompanying Order. Petitioner's failure to comply with the terms of the stay may result in the dismissal of his habeas petition.

An order consistent with this opinion shall be entered.


Date:     February 15, 2007           /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE